CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2011

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LORETTA F. GOCHENOUR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:10CV00133 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Loretta F. Gochenour, was born on February 6, 1969 and eventually completed her high school education. Ms. Gochenour has worked in a variety of jobs, including production worker, truck stop cashier, nursing home server, private nursing assistant, and customer service representative. On July 24, 2007, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Ms. Gochenour alleged that she

became disabled for all forms of substantial gainful employment on April 1, 2006, due to spondylolisthesis, depression, and possible bipolar disorder. She now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Ms. Gochenour's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 30, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Gochenour suffers from severe impairments including obesity, an affective disorder, and an impairment of her spine. The Law Judge then assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) that involves no climbing ladders, ropes or scaffolds and other postural activities only occasionally (balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs) and that is limited to simple routine work, involving working more with things rather than with people and only incidental action with the general public.

(Tr. 29). Given such a residual functional capacity, and after considering plaintiff's age, education and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Ms. Gochenour retains sufficient functional capacity to return to her past relevant work as a production worker. Accordingly, the Law Judge ultimately concluded that Ms. Gochenour is not disabled, and that she is not entitled to benefits under either federal

program.[1]  See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all administrative remedies, Ms. Gochenour has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Gochenour suffers from

---

[1] The Social Security regulations require the application of a five-step sequential evaluation process to evaluate disability claims. 20 C.F.R. §§ 404.1520 and 416.920. During the evaluation process, the Administrative Law Judge considers, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and (5) if not, whether she can perform other work in the national economy. Id. If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. Id.

In this case, the Law Judge denied plaintiff's application at step four of the sequential disability evaluation and, in the alternative, found that the plaintiff could perform other jobs in the national economy and, thus, that her application would also fail under step five of the sequential evaluation. Under step four, as the Commissioner explains in his supplemental brief, a claimant is not disabled if she can perform her past relevant work, either as she performed it or as it is generally performed in the national economy. See Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995); see also Social Security Ruling 82-61.

musculoskeletal difficulties. However, the court believes that the Administrative Law Judge properly determined that plaintiff's physical problems are not so severe as to prevent performance of light levels of exertional activity. On the other hand, the plaintiff also suffers from bipolar disorder and depression. Her treating psychiatrist has produced mental status findings and opinions which indicate that plaintiff is unable to work because of her nonexertional impairments. While the Administrative Law Judge discounted the treating psychiatrist's findings based on reports from two nonexamining state agency psychologists, the court concludes that the Law Judge's opinion in this regard is inconsistent with the governing administrative regulations, and that the Commissioner's treatment of plaintiff's mental health condition is not supported by substantial evidence. Moreover, based on the reports from the treating psychiatrist, the court concludes that Ms. Gochenour has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

The record reveals that Ms. Gochenour was referred to the Harrisonburg-Rockingham Community Services Board for treatment of depression in April of 2007. During the initial psychiatric evaluation performed by Dr. Inez J. White, Ms. Gochenour reported that she had suffered from depression off and on for most of her life, and that her symptoms had recently increased due to stressors involving her children. Plaintiff indicated that she experiences severe mood swings, "which lead to irritability and rages, throwing and slamming things." (Tr. 426). Dr. White diagnosed "major depression recurrent, dysthymia, [and] rule out bipolar disorder

NOS," and assessed plaintiff's GAF at 60.[2] She prescribed a combination of mood stabilizers and arranged for plaintiff to begin group therapy.

On May 5, 2007, plaintiff was examined by another psychiatrist, Dr. Cindy L. Sherwood. Dr. Sherwood's examination notes indicate that plaintiff was tearful, depressed, anxious, and experiencing occasional suicidal ideation. (Tr. 434). Dr. Sherwood diagnosed plaintiff with major depression. She prescribed Cymbalta and advised plaintiff to continue attending group therapy sessions.

On July 3, 2007, Ms. Gochenour presented to the emergency department of Rockingham Memorial Hospital with suicidal ideation. (Tr. 365). The examining clinician indicated that plaintiff's speech was pressured, and that she was exhibiting a depressed mood and poor judgment. The clinician assessed a GAF of 52 and noted that plaintiff was in need of counseling and medication management. (Tr. 367-370).

Dr. Raymond J. Alderfer, a psychiatrist, began regular treatment of Ms. Gochenour on August 8, 2007. (Tr. 461-463). Ms. Gochenour was referred to Dr. Alderfer's care by a licensed professional counselor who evaluated plaintiff in July of 2007, after she presented to the hospital with suicidal ideation. By way of history, Dr. Alderfer noted that a psychiatrist with the Harrisonburg Rockingham Community Service Board had diagnosed bipolar disorder, and that plaintiff's primary care physician had previously prescribed antidepressants. Dr. Alderfer listed mental status findings as follows:

---

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text. rev. 2000).

> The patient was appropriately dressed and groomed. No psychomotor agitation or retardation. Mood was "irritated." Affect was with some irritability but with fair range. Thought was logical. Speech was coherent but with mild pressure. She denied suicidal or homicidal ideation. There were no psychotic symptoms. Intellectual functioning was average. Insight and judgment were adequate. Abstracting ability was intact. Sensorium was clear.

(Tr. 463). Dr. Alderfer diagnosed bipolar II disorder and assessed plaintiff's GAF at 55.

Ms. Gochenour continued to see Dr. Alderfer on a regular basis through October of 2009. Dr. Alderfer's examination notes from October 9, 2007 indicate that plaintiff's mood was unstable, that she had an irritable affect, and that she was experiencing racing thoughts. (Tr. 457). After Dr. Alderfer adjusted her medications, Ms. Gochenour's symptoms of depression worsened, and she complained of decreased energy and motivation. (Tr. 455). Although Ms. Gochenour exhibited improvement during a subsequent visit in April of 2008, Dr. Alderfer noted on July 24, 2008 that plaintiff's mood was unstable, and that she was again experiencing racing thoughts, irritability, and insomnia. (Tr. 589).

On June 18, 2008, Dr. Alderfer completed a mental status evaluation for the state disability agency. (Tr. 447-451). Dr. Alderfer noted a diagnosis of bipolar II disorder (296.89), and reported that plaintiff suffers from depressive, unstable moods; angry outbursts; anxiety; and racing thoughts. Dr. Alderfer also noted that plaintiff has experienced intermittent suicidal ideation, that her mental health symptoms are exacerbated by stress, and that they impair her ability to work.

Examination notes from subsequent visits over the course of the following year reveal that plaintiff continued to suffer from depression, irritability, and anxiety. (Tr. 585, 586, 587, 589, 590, 598). On June 17, 2009, Dr. Alderfer noted that plaintiff's mood was "pretty bleak,"

and that she "can feel like life is not worth living but [has] no plan or intent of suicide." (Tr. 598).

On September 2, 2009, Dr. Alderfer completed an assessment of the plaintiff's ability to perform work-related activities.[3] (Tr. 633-635). Dr. Alderfer opined that plaintiff possesses no useful ability to understand, remember or carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a regular schedule; sustain an ordinary routine without special supervision; work with or near others without being distracted by them; complete a normal workday or workweek; interact appropriately with the public; accept instructions from supervisors; respond appropriately to changes in the work setting; or make plans independently of others. The psychiatrist also described, as "fair," the plaintiff's ability to understand, remember, or carry out short, simple instructions; make simple work-related decisions; accept instructions from supervisors; and maintain socially appropriate behavior. At the administrative hearing, the vocational expert testified that with the limitations identified by Dr. Alderfer, Ms. Gochenour would be unable to work. (Tr. 81).

As previously noted, the Administrative Law Judge discounted Dr. Alderfer's assessment. The Law Judge instead credited the opinions of the nonexamining state agency psychologists that the plaintiff is capable of working and that her mental impairments result in only moderate limitations. In support of this finding, in addition to the reports from the nonexamining medical sources, the Law Judge indicated that Dr. Alderfer's opinion that the plaintiff is mentally unable to work is unsupported by the longitudinal record, including Dr. Alderfer's own clinical notes. (Tr. 29).

---

[3] The court notes that this report was completed after Ms. Gochenour's records were reviewed by the state agency psychologists on November 1, 2007 and January 5, 2009.

Having reviewed the record, the court is unable to conclude that the Law Judge's treatment of Dr. Alderfer's reports and opinions, or the Law Judge's reliance on the opinions of nonexamining psychologists, comport with the requirements of the administrative regulations dealing with the evaluation of opinion evidence. Under 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. Moreover, 20 C.F.R. §§ 404-1527(d)(2) and 416.927(d)(2) direct that, generally, more weight is given to opinions from treating sources, since such professionals are more likely able to provide a detailed, longitudinal picture of the claimant's medical impairments. Finally, under 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5), it is noted that more weight is accorded to the opinion of a specialist about medical issues related to the area of specialty. In the instant case, it is clear that Dr. Alderfer actually saw Ms. Gochenour on multiple occasions, whereas the state agency psychologists have never seen or examined the plaintiff. Moreover, there can be no question that Dr. Alderfer qualifies as a treating source. Perhaps most importantly, in Ms. Gochenour's case, there is a substantial contrast between the qualifications of Dr. Alderfer and those of the state agency psychologists. Dr. Alderfer is a physician with a medical specialty in psychiatry. The state agency psychologists are not physicians. They neither examined nor treated Ms. Gochenour on even a single occasion. In such circumstances, the court does not believe that the Law Judge's reliance on the reports of nonexamining psychologists can be deemed to be supported by substantial evidence.

Moreover, the court finds no evidence to support the notion that Dr. Alderfer's opinions are inconsistent with the longitudinal record or his own clinical notes. All of the psychiatrists

who have actually examined Ms. Gochenour agree that she suffers from bipolar disorder and/or major depression. All of the clinicians have deemed plaintiff's psychiatric problems to be of such severity as to require medication, therapy, and ongoing psychiatric treatment. In his various reports, Dr. Alderfer specifically noted plaintiff's mood swings, irritability, racing thoughts, and anxiety, as well as her lack of energy and motivation. While the Commissioner correctly observes that, on some occasions, plaintiff is said to have responded positively to her medications and exhibited logical, coherent thought processes, the court does not believe that such notations in the record provide a reasonable basis to support the rejection of Dr. Alderfer's opinions. Psychiatric evaluations cannot be based on x-rays or laboratory studies. Instead, a mental health clinician must be able to observe the claimant, consider her complaints, and assess her mental status. Perhaps it is for this reason that the administrative regulations emphasize the importance of the examining relationship and the treatment relationship.

In this case, there is insufficient medical evidence which would support the Commissioner's rejection of the findings, assessments, and opinions of the only psychiatrist who has regularly treated the plaintiff. The court finds it remarkable that the Law Judge would accord controlling weight to the reports of nonexamining sources who have simply reviewed the medical record in formulating their opinions, but who did not have the opportunity to consider the most recent functional capacity evaluation completed by the only psychiatrist who has regularly treated Ms. Gochenour. Record reviews are of little value when the record is not complete. The court cannot help but note that if the Commissioner had reason to doubt the accuracy or consistency of the psychiatric assessments offered by Dr. Alderfer, the Commissioner had full authority to require Ms. Gochenour to appear for a consultative evaluation by an independent psychiatrist

designated by the state disability agency. See 20 C.F.R. §§ 404.1517, 404.1518, 416.917, and 416.918. No such psychiatric (or psychological) examination was commissioned by the state disability agency and, as it now stands, the psychiatric evidence supporting plaintiff's claim of disability is essentially undisputed by any examining or treating source. Inasmuch as it is clear that Ms. Gochenour is unable to engage in any regular and sustained employment activity under the findings of Dr. Alderfer, the court concludes that the plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

As noted above, Ms. Gochenour alleged that she became disabled for all forms of substantial gainful employment on April 1, 2006, and the record indicates that she may have been taking an antidepressant medication at that time. However, it was not until July 3, 2007, when she presented to the hospital with suicidal ideation, that she began receiving regular psychiatric treatment. For this reason, the court finds that Ms. Gochenour has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment as of July 3, 2007.[4]

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of the plaintiff. The final decision of the Commissioner will be reversed,

---

[4] The court's opinion should not be taken to indicate that Ms. Gochenour has remained disabled to the present time, or that she will remain disabled indefinitely. Indeed, Dr. Alderfer's most recent office note from October 29, 2009 suggests that plaintiff has enjoyed improvement upon administration of proper psychotropic medication. Thus, Ms. Gochenour's case is an appropriate one for continuing disability review.

and the case remanded for the establishment of proper benefits. The Commissioner's final decision denying plaintiff's claim for supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that the plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under that benefit program, the court must remand this portion of the case for an appropriate determination. An order and judgment in conformity will be entered this day.

    The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

    ENTER:    This 26th day of August, 2011.

_____
Chief United States District Judge

11